U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

FEB 1 2 2008

ROBERT H. ~~~~ELL, CLERK
BY _____
         DEP.

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:07 CR 20013-001 |
| VS. | : | JUDGE MINALDI |
| PABLO MARGARITO RAMOS-BARRERA | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court is a Motion for Judgment of Acquittal filed by the defendant, Pablo Margarito Ramos-Barrera ("Ramos" or "Paul Ramos"). This motion has been opposed by the Government.

In considering the motion for judgment of acquittal, F.R.Crim.P. 29, the court must consider the evidence in the light most favorable to the Government[1] together with all inferences which may reasonably be drawn from the facts.[2]   The determining inquiry is whether there is substantial evidence upon which a jury might reasonably base a finding that the accused is guilty beyond a reasonable doubt.[3]

Under Rule 29, a trial judge "has the duty to grant the motion for judgment of acquittal when the evidence, viewed in the light most favorable to the government, is so scant that the jury could

---

[1]     *McFarland v. United States*, 5 Cir., 1960, 273 F.2d 417; *United States v. Carter*, 6 Cir., 1963, 311 F.2d 934

[2]     *Cartwright v. United States*, 10 Cir., 1964, 335 F.2d 919.

[3]     *Blachly v. U.S.*, 380 F.2d 665, 675 (C.A.La. 1967);  *United States v. Scott*, 159 F.3d 916, 920 (5th Cir.1998).

only speculate as to defendant's guilt."[4] In reviewing challenges to the sufficiency of the evidence, the court of appeal  will affirm "if a rational trier of fact could have found that the government proved all essential elements of the crime beyond a reasonable doubt."[5] If, on the other hand, "the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, the conviction should be reversed."[6]

In the case at bar, the defendant was charged with Conspiracy to Possess with Intent to Distribute 500 grams or more of a mixture or substance containing Methamphetamine and two counts of Possession with Intent to Distribute 50 grams or more of a mixture or substance containing Methamphetamine.  On December 13, 2007, after a three day trial, the jury found Ramos guilty of all three counts.

For the jury to find the defendant guilty of Count 1, Conspiracy to Possess with Intent to Distribute 500 grams or more of a mixture or substance containing Methamphetamine, the jury had to be unanimously convinced beyond a reasonable doubt of four elements:

- That two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute a mixture or substance containing methamphetamine;
- That the defendant knew  the unlawful purpose of the agreement;
- That the defendant joined in the agreement wilfully, that is, with the intent to further its unlawful purpose; and

---

[4]     *United States v. Herberman,* 583 F.2d 222, 231 (5th Cir.1978).

[5]     *United States v. Castro,* 15 F.3d 417, 419 (5th Cir.), *cert. denied,* 513 U.S. 841, 115 S.Ct. 127, 130 L.Ed.2d 71 (1994).

[6]     *United States v. Pennington,* 20 F.3d 593, 597 (5th Cir.1994);  *U.S. v. Schuchmann* 84 F.3d 752 (1996), 753 -754 (C.A.5 (Tex.),1996).

2

- That the overall scope of the conspiracy involved at least five hundred (500) grams or more of a mixture or substance containing methamphetamine.

For the jury to find the defendant guilty of Count 2 and 3, Possession with Intent to Distribute 50 grams or more of a mixture or substance containing Methamphetamine, the jury had to be unanimously convinced beyond a reasonable doubt of four elements:

- That the defendant knowingly possessed a controlled substance;
- That the substance was in fact methamphetamine;
- That the defendant possessed the substance with the intent to distribute it; and
- That the quantity of the substance was at least fifty (50) grams.

If a defendant introduces evidence in defense, all of the evidence, including that offered by the defendant, may be used to determine the sufficiency of the evidence.[7] All credibility issues are to be resolved in favor of the jury's verdict.[8]

Ramos argues that the Government did not connect the defendant to the conspiracy. Ramos argues that:

- The Government never physically placed Ramos at the scene during the initial arrest of the co-defendants or during the initial search;
- The "clearly discredited"[9] Destrey Davis is the only one who said that the defendant gave him the drugs that were found on Mr. Davis's person and at his house on the date of his arrest;
- Only one of the remaining co-defendants called to testify identified the defendant as having

---

[7]     *United States v. Lopez*, 625 F.2d 889, 897 (9th Cir. 1980); *United States v. Fearn*, 589 F.2d 1316, 1321 (7th Cir. 1976).

[8]     *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979).

[9]     Ramos Motion, p. 4.

provided him with drugs;[10] and

- The Government, through the numerous law enforcement agencies involved in this case did not corroborate the two witness statements with any independent police work. Nor did they do any investigative work to prove that the defendant had committed any illegal acts.

The Government responds by noting that the primary evidence against Ramos came through the testimony of cooperating co-defendants Destrey Davis ("Davis"), Jeff Breaux ("Breaux), Preston Laughlin {Laughlin"), and Darrel Constantin ("Constantin"). The Government introduced testimony from twenty (20) witnesses and introduced one hundred and thirty five (135) exhibits of physical evidence.

Davis testified that he had an extensive drug trafficking relationship with Ramos that involved more than fifteen (15) kilograms of methamphetamine. Breaux admitted that he sold drugs for Davis. Constantin testified that he was obtaining ½ ounce of methamphetamine every other week from Paul ("Pablo") Ramos or Joe Garcia. Constantin, Laughlin and Breaux all testified that they obtained drugs from Paul Ramos's trailer in Vinton.

Viewed in the light most favorable to the prosecution, the evidence provides the jury support to have found that the defendant was guilty beyond a reasonable doubt. Evidence existed to support that Ramos knew about and was actively involved in the conspiracy and distribution of methamphetamine. The jury apparently believed the evidence beyond a reasonable doubt. This court

---

[10]     Ramos further points out that the witness, Darrell Constantine, testified that he did not remember the details, but he was aware that his testimony would assist him with a reduced sentence.

cannot overturn credibility determinations.  Accordingly, the defendant's Motion for an Acquittal

will be denied.

Lake Charles, Louisiana, this ___ll___ day of January, 2008.

PATRICIA MINALDI

UNITED STATES DISTRICT JUDGE

5