RECEIVED
IN LAKE CHARLES, LA
MAR 2 0 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:07 CR 20013 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| PABLO MARGARITO RAMOS-BARRERA | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant states that he was not at home when the baggie of methamphetamine was found buried in the driveway where he lived. Even though he was not present, he had been living at that residence for a year. Statements and testimony of co-conspirators indicated that the defendant would have methamphetamine shipped in from Fort Worth, Texas, and that he would hide it in different locations outside of the residence. The defendant was convicted of conspiracy to possess with intent to distribute methamphetamine. The amount contained in this baggie, 225 grams, was properly included in determining the base offense level.

The defendant argues that Destrey Davis had repeatedly changed his account of the quantities of methamphetamine supplied to him. Davis, however, mentioned specific amounts he had received from this defendant and that the amounts continued to increase because of his ability to sell the drugs quickly. Davis estimated that he obtained more than 15 kilograms of methamphetamine from this defendant.

The jury had an opportunity to assess Davis's credibility and presumably found him credible

in spite of the claim of the defendant. This court also had an opportunity to assess his credibility and found his testimony, along with the statement of Garcia, and all the other evidence sufficient to justify the quantity attributed to this defendant.

The defendant states that Jeffery Breaux testified that he never met this defendant and there is no evidence to the contrary. Breaux was selling drugs for Davis, who was receiving them from this defendant. Breaux also indicated that he had traveled to the defendant's residence several times to obtain drugs with other people, although he never left his car. In a conspiracy, a participant need not meet every other person involved in the conspiracy to be accountable for the entire amount of drugs encompassed by the conspiracy.

Likewise, Preston Laughlin stated that he dealt with Jose Garcia. Garcia lived with the defendant and was a co-conspirator.

The defendant also argues that he should not have been assessed two points as an organizer or leader of the conspiracy. When the evidence demonstrates that a defendant directed another in his drug trafficking activities, as Ramos directed Davis, Garcia, and others in numerous ways, a sentence enhancement under § 3B1.1(c) is appropriate. *United States v. Posada-Rios*, 158 F.3d 832, 881 (5th Cir.1998).

Based upon the courts rulings above, the sentencing guidelines were properly calculated and will not be changed. The defendant's objections are OVERRULED.

Lake Charles, Louisiana, this 20 day of March, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE