

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:07 CR 20013-001 |
| VS. | : | JUDGE MINALDI |
| PABLO M. RAMOS-BARRERA | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is the defendant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (Rec. Doc. 245). The Government filed an answer (Rec. Doc. 251). The defendant did not file a Reply.

PROCEDURAL HISTORY

On December 13, 2007, the defendant, Pablo Ramos-Barrera, was convicted by a jury of one count of conspiracy to possess with intent to distribute methamphetamine and two counts of possession with intent to distribute methamphetamine. (Rec. Doc. 147). His attorney filed a Motion for Judgment of Acquittal which was denied. (Rec. Docs. 150, 172).

On March 20, 2008, the defendant was sentenced to 294 months on each count 1, 2, and 3, to run concurrently (Rec. Doc. 174).

On December 8, 2010, the defendant's conviction and sentence were affirmed by the United States Court of Appeal for the Fifth Circuit. (Rec. Doc. 234). On December 11, 2011, the Fifth Circuit denied the defendant's request for appointment of counsel to file a petition for writ of certiorari.

On December 27, 2011, the defendant filed the present §2255 motion.

FACTS[1]

The defendant rented a trailer in Benton, Louisiana, in approximately 2006. He and an individual named Garcia sold methamphetamine from this trailer. Darrell Constantine purchased methamphetamine from the defendant on a regular basis. He paid the defendant $1,000 per ounce and typically bought three ounces every two weeks.

The defendant and Garcia also supplied Destrey Davis with methamphetamine. Davis first purchased small amounts, but was later buying a pound of methamphetamine a week. When Davis would retrieve the drugs, he saw the defendant's sisters at the trailer. The defendant later admitted that his sisters, who lived in Fort Worth, Texas, delivered the methamphetamine to him. There was a time that Davis saw Garcia pull a bag of methamphetamine out of a hole in the ground near a light pole.

The defendant also supplied an individual named Preston "Pie" Laughlin with methamphetamine. He would buy a quarter ounce for $300 and on one occasion, purchased a pound.

Law and Analysis

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992).

"A 'collateral challenge may not do service for an appeal.' " *United States v. Shaid,* 937 F.2d

---

[1] The facts are as summarized by the government. See the government's answer for trial transcript references.

228, 231 (5th Cir.1991) (en banc). A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Shaid,* 937 F.2d at 232. The 28 U.S.C. § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.1992). The only exception to the cause and prejudice test is the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.*

The defendant raises several arguments:

1) The defendant challenges his sentence;

2) The defendant asserts prosecutorial misconduct; and

3) The defendant alleges ineffective assistance of counsel.

Challenge of Sentence

The defendant challenges his sentence by reiterating points previously raised and considered on direct appeal. Claims that have been raised and considered on direct appeal may not be reconsidered in this §2255 motion. *United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Webster,* 392 F.3d 787, 791 at fn. 5 (5th Cir.2004), citing *United States v. Kalish,* 780 F.2d 506, 508 (5th Cir.1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions .")

Prosecutorial Misconduct

3

The defendant asserts that the government engaged in prosecutorial misconduct by presenting false testimony that ultimately affected the court's findings at sentencing. This claim is, however, procedurally barred because it was not asserted on direct appeal and the defendant has not established cause for failing to raise this issue on direct appeal. 28 U.S.C.A. § 2244(b)(3)(A, C); Fed.Rules Civ.Proc.Rule 60(b)(4, 6), 28 U.S.C.A.; *In re Hartzog,* 444 Fed.App'x. 63, 2011 WL 4640947 (5th Cir. 2011).

Ineffective Assistance

The defendant contends that his counsel rendered ineffective assistance by not using the "ill-gotten" evidence to impeach witnesses at trial; for not presenting evidence to rebut the paragraph in the Presentence Report ("PSR") that provided an enhancement for a leadership role in the offense; and for not timely pursuing an appeal. The defendant argues that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective.

An ineffective assistance of counsel claim is cognizable in a §2255 motion. To establish ineffective assistance of counsel *Strickland v. Washington,* 466 U.S. 668 (1984), requires showing both that counsel's performance was deficient and that such deficient performance prejudiced the defense. *Id.* at 687. Deficient performance is based on an objective standard of reasonableness, considering all the circumstances. *Id.* at 688. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance", and judicial review is highly deferential to counsel's performance. *Id.* at 689.

The review of whether the attorney's failure to raise an issue on appeal falls below an "objective standard of reasonableness" is deferential, and there is a presumption that "counsel's

conduct falls within the wide range of reasonable professional assistance." *Strickland*, 104 S.Ct. at 2064; *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999). Nevertheless, counsel is not required to "raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989), cert. denied, 493 U.S. 970, 110 S.Ct. 419, 107 L.Ed.2d 384 (1989). As part of advocacy strategy, counsel can choose the issues to raise that she feels are the strongest. *Ellis v. Lynaugh, Id.; Wicker v. McCotter*, 783 F.2d 487, 497 (5th Cir. 1986).

Decisions by counsel concerning strategy are considered with great deference. *Strickland v. Washington*, 104 S.Ct. at 2065-66; *Murray v. Maggio*, 736 F.2d at 282; *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985). The defendant contends that Preston Laughlin testified at trial that he never met the defendant and could not identify him, yet Officer Chaddick had testified to the grand jury that Laughlin had purchased methamphetamine from the defendant. The defendant asserts that trial counsel was ineffective for failing to impeach Laughlin's testimony. The government contends that Laughlin's testimony was not detrimental because he did not identify the defendant, therefore impeaching him would not have benefitted the defendant.

The decision to impeach or to not impeach a witness counsel during trial, or to raise specific issues on appeal, are issues of trial strategy. The defendant does not point out any legitimate ground supporting his arguments that trial and appellate counsel were ineffective. The Fifth Circuit has made it clear that counsel is not required to make futile motions or objections, so the failure to do so is not ineffective assistance of counsel. *See Murray v. Maggio,* 736 F.2d 279, 283 (5th Cir. 1984) (per curiam).

The defendant also argued that his appeal counsel was ineffective for failing to argue against

the guidelines computation and for not arguing against grouping. The Fifth Circuit affirmed the sentence. The defendant gave no indication of what arguments he thinks should have been asserted.

He also asserts that his trial counsel did not file a timely appeal. He filed a *pro se* notice of appeal. Ultimately another attorney was appointed to represent him on appeal and the defendant suffered no prejudice.

Accordingly, for the reasons set forth herein above, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this 12 day of July, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE