UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 07-cr-20013** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **PABLO M. RAMOS BARRERA** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a motion for a writ of coram nobis [doc. 300] filed by Pablo Margarito Ramos Barrera. Barrera is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at Adams County Correctional Center in Washington, Mississippi. The matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

I.
FACTUAL BACKGROUND

Following a jury trial in this court, Barrera was convicted of one count of conspiracy to possess with intent to distribute 500 grams or more of a substance containing methamphetamine and two counts of possession with intent to distribute 50 grams or more of a substance containing methamphetamine, all in violation of 21 U.S.C. § 846. Doc. 147. On March 31, 2008, he was sentenced to three 294-month terms of imprisonment, with all terms to run concurrent to one another. Doc. 177. The court also imposed a special assessment of $300. *Id.*

Barrera appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed same. Doc. 234. He then sought relief through a motion to vacate

under 28 U.S.C. § 2255. Docs. 248, 250. The district court ordered a response from the government and then denied the motion. Docs. 251, 254, 255. Barrera sought permission to file a second or successive § 2255 motion and was denied same by the Fifth Circuit. Docs. 262, 265, 267. He then filed a motion to reduce sentence based on subsequent amendments to the United States Sentencing Guidelines. Docs. 273, 277. The court granted the motion, reducing each of the terms from 294 months to 235 months and stating that the terms set forth in the original sentences were otherwise undisturbed. Doc. 291. Barrera now files the instant motion for writ of coram nobis. Doc. 300. Here he appears to allege that the court erred by imposing special assessments under 18 U.S.C. § 3013. *Id.*

## II.
### LAW & ANALYSIS

Relief under a writ of error coram nobis is available for those who can demonstrate (1) that they are suffering civil disabilities as a consequence of a criminal conviction and (2) that the magnitude of the disabilities justifies extraordinary relief. *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989). Such relief is not available to those who are still in custody. *United States v. Becerra*, 110 Fed. App'x 465 (5th Cir. 2004) (citing *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004)).

Barrera is still incarcerated in the custody of the Bureau of Prisons and so the writ of coram nobis is not available to him. Accordingly, this court lacks jurisdiction to rule on his motion.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the motion for a writ of coram nobis be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 27th day of December, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE