# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 2:07-CR-20013-01 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| PABLO MARGARITO RAMOS-BARRERA (01) | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court are a Motion for Judicial Intervention in Sentence Calculation [doc. 330] and a Motion for Judicial Recommendation to House Defendant Closer to Family [doc. 331], filed by defendant Pablo Margarito Ramos-Barrera. Ramos-Barrera is a prisoner in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey.

Following a jury trial, Ramos-Barrera was convicted in this court on December 13, 2007, of one count of conspiracy to distribute narcotics and two counts of possession with intent to distribute narcotics. Doc. 147. He was sentenced by Judge Patricia Minaldi to three 294-month terms of imprisonment, to be served concurrently and with credit for time served. Docs. 177, 219. Judge Minaldi also recommended that Ramos-Barrera be placed in a facility as close to his family as possible. *Id.* On July 13, 2016, pursuant to a motion filed under 18 U.S.C. § 3582, Judge Minaldi reduced his sentence to 235 months with credit for time served. Doc. 291. Ramos-Barrera now asks the court to direct the Bureau of Prisons to recalculate his release date, alleging that he has not received credit for time

served from his arrest in November 2006 to his original sentencing in March 2008. Doc. 330. He also asks for a judicial recommendation that he be housed closer to family, in line with the recommendation from his original sentencing. Doc. 331.

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). A district court may review a challenge to the BOP's refusal to make a nunc pro tunc designation through a petition filed under 28 U.S.C. § 2241, after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). A § 2241 petition "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). This court cannot grant the relief that Ramos-Barrera seeks through his Motion for Judicial Intervention in Sentence Calculation [doc. 330] and that motion is **DENIED**, without prejudice to Ramos-Barrera's right to seek recalculation through a petition filed in the United States District Court for the District of New Jersey.

Under 18 U.S.C. § 3621(b), "the Bureau of Prisons may direct confinement in any available facility and may transfer a prisoner from one facility to another at any time." *Ready v. Fleming*, 2002 WL 1610584, at *3 (N.D. Tex. Jul. 19, 2002). Under this statute the BOP considers statements by the sentencing court, among other factors, in designating the appropriate facility. 18 U.S.C. § 3621(b)(4). The statute, however, does not contemplate that the sentencing court would make future recommendations on appropriate placement.

*See, e.g.*, *United States v. Tevino*, 2010 WL 3703663, at *1 (S.D. Tex. Sep. 14, 2010). Having no knowledge of Ramos-Barrera's conduct or other reasons for his placement over the last several years, and no prior participation in his case, the undersigned would have no basis for urging the BOP to change his housing assignment at this point. Accordingly, the Motion for Judicial Recommendation [doc. 331] is likewise **DENIED**.

    **THUS DONE AND SIGNED** in Chambers on this 9th day of October, 2019.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**