**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:07-CR-20013-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PABLO MARGARITO RAMOS-BARRERA (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Compassionate Release [doc. 333] filed by defendant Pablo Margarito Ramos-Barrera, who is currently serving a term of imprisonment pursuant to a judgment of this court. The government opposes the motion. Doc. 344.

## I.
### BACKGROUND

Following a jury trial the defendant was convicted in this court of one count of conspiracy to possess with intent to distribute methamphetamine and two counts of possession with intent to distribute methamphetamine, a violation of 21 U.S.C. § 846. Doc. 141. The PSR held the defendant accountable for a conspiracy involving over 15 kilograms of methamphetamine, resulting in a base offense level of 38. PSR ¶ 21. It also attributed a leader/organizer, two-level adjustment to him. *Id.* at ¶ 24.

The defendant was sentenced on March 20, 2008, to concurrent terms of 294 months of imprisonment on each count. Doc. 177. On July 13, 2016, the court reduced the defendant's sentence to a 235 month term of imprisonment pursuant to 18 U.S.C. § 3582.

Doc. 291. He has currently served approximately 168 months of his sentence, with an anticipated release date of July 30, 2023, based on substantial earned and projected good conduct time. Doc. 341, att. 2.

On May 14, 2020, the defendant submitted a request for compassionate release to the warden of North Lake Correctional Facility, where he is currently incarcerated. *See* doc. 333, att. 1, p. 66. There he requested compassionate release based on fear of contracting COVID-19. The warden denied the request on June 3, 2020, citing the defendant's criminal history, the time remaining on his sentence, his "average" institutional adjustment, the fact that an immigration detainer had been issued for him[1], the fact that he failed to identify where he would obtain medical treatment on release, and the public safety concerns relating to the offense leading to his incarceration. *Id.* at 64. The defendant appealed this ruling to the GEO Eastern Regional Office, which affirmed the warden's decision. *Id.* at 55–56. The defendant now brings a motion in this court, seeking a reduction of his sentence to time served and/or a period of home confinement as a condition of supervised release. Doc. 333. To this end he notes his underlying medical conditions of type II diabetes, hypertension, and hyperlipidemia. The Office of the Federal Public Defender has enrolled on his behalf and filed a memorandum in support. Doc. 341.

The government opposes the motion, conceding that the defendant has exhausted his remedies and that the risk of COVID-19 exposure may form an extraordinary circumstance warranting compassionate release. Doc. 344. It maintains, however, that such

---

[1] The defendant was born in Mexico in 1960 and entered this country in 1971, becoming a lawful permanent resident approximately ten years later. PSR ¶ 38.

relief should be denied because the defendant has not met his burden of showing eligibility under the factors set forth under 18 U.S.C. § 3553(a) and that he is not a danger to the community. *Id.*

## II.
## LAW & APPLICATION

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360, at *3–*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020).

The defendant shows that he filed a request for compassionate release with the warden at North Lake Correctional Facility, citing his fear of COVID-19 and potential

vulnerability to the virus. Doc. 333, att. 1, p. 66. He also shows that this request was denied on June 3, 2020. *Id.* at 64. Accordingly, the request is exhausted and the court may consider the new motion.

In support of his motion, defendant attaches medical records supporting his potential vulnerability to COVID-19 complications. Doc. 341, att. 3. The government notes that these conditions are currently managed with BOP care. Doc. 344, p. 4. Managed medical conditions typically do not form a basis for compassionate release. *See* BOP Prog. Statement 5050.50. As the government acknowledges, however, this general rule does not reflect present concerns about the COVID-19 pandemic. Several courts have found that the pandemic may present an extraordinary and compelling circumstance warranting compassionate release, particularly in the case of a defendant who is at risk for severe illness by reason of preexisting medical conditions. *See United States v. Mazur*, __ F.Supp.3d __, 2020 WL 2113613, at *4 (E.D. La. May 4, 2020) (collecting cases); *see also United States v. Furlow*, 2020 WL 3967719 (W.D. La. Jul. 13, 2020); *United States v. Malone*, 2020 WL 3065905 (W.D. La. June 9, 2020).

The government concedes that diabetes has been recognized by the CDC as a COVID-19 risk factor. Doc. 344, pp. 9–10. Nevertheless, it maintains that the motion should be denied due to defendant's failure to present a feasible release plan, especially in light of the potential immigration consequences of his offense, and his failure to demonstrate that he will not pose a danger to the community or that his release comports with the § 3553(a) factors.

Even where the defendant has demonstrated that he is eligible for compassionate relief based on extraordinary circumstances, the court is also required to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable . . . ." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) contains factors that the court must consider in determining the length of a sentence, including (1) to reflect the seriousness of the offense, (2) to afford adequate deterrence of criminal conduct, and (3) to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2).

Here the circumstances surrounding defendant's conviction show that he is a dangerous individual. He was a leader in a conspiracy involving over 15 kilograms of methamphetamine. His PSR also noted a 1998 assault conviction, relating to an incident where the defendant hit his wife with a hammer. PSR ¶ 33. He appears to have no disciplinary history during his incarceration and has earned substantial good conduct time, however. He has also submitted evidence of his completion of several courses through the BOP, reflecting an admirable commitment to rehabilitation. Doc. 341, att. 1. However, he has served less than three-quarters of his sentence. To release him at this point, over two and a half years before his projected release if he earns all of the good conduct time forecasted, would promote disparity among other defendants who have committed serious narcotics offenses. The motion must therefore be denied, and the court need not explore the other arguments raised by the government.

## III.
### CONCLUSION

For the reasons stated above the Motion for Compassionate Release [doc. 333] is

hereby **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 1st day of December, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**